**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JENNIFER JORDAN,**

    **Plaintiff,**

v.                                                                        Case No:

**ASSETCARE, LLC**
**and CF MEDICAL, LLC,**

                                                     **DEMAND FOR JURY TRIAL**

    **Defendants.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JENNIFER JORDAN** ("Ms. Jordan" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **ASSETCARE, LLC** ("Debt Collector") and **CF MEDICAL, LLC** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by communicating with Ms. Jordan when Defendants knew that Ms. Jordan was represented by counsel with respect to the Debt and by continuing to call Ms. Jordan even after Ms. Jordan told Debt Collector to stop contacting her, which can reasonably be expected to harass Ms. Jordan.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **1** of **10**

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Jordan, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. At all times material hereto, Debt Collector was and is a limited liability company with its principle place of business in the State of TX and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

7. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

8. At all times material hereto, Debt Owner was and is a limited liability company with its principle place of business in the State of NV and its registered agent,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **2** of **10**

C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

9. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Jordan's alleged debt.

10. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Jordan's alleged debt for Debt Owner.

11. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Jordan's information.

13. Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Jordan's information into Debt Owner's sales or customer systems.

14. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Jordan's debt on behalf of Debt Owner.

### *Statements of Fact*

16. In or around 2013, Ms. Jordan obtained medical services from Debt Owner that opened an account ending in 3209 for any related charges ("Account").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **3** of **10**

17. Sometime thereafter, Ms. Jordan encountered financial difficulties and was unable to make full payment towards the Account, incurring an outstanding balance owed thereunder ("Debt").

18. Debt Owner subsequently transferred, sold, or assigned the Debt to Debt Collector for collection purposes.

19. In early April 2018, Debt Collector began calling Ms. Jordan in attempts to collect the Debt.

20. Ms. Jordan answered one of Debt Collector's first few collection calls and told a representative of Debt Collector that she was represented by counsel with respect to the Debt, gave Debt Collector's representative her counsel's name and telephone number, and requested that any future communications be directed to her counsel.

21. During that same conversation, Ms. Jordan demanded that Defendant stop calling her.

22. The very next day, Debt Collector called Ms. Jordan again in attempts to collect the Debt despite having actual knowledge that Ms. Jordan was represented by counsel with respect to the Debt.

23. On April 5, 2018, Debt Collector sent Ms. Jordan a debt collection letter ("Collection Letter").

24. The Collection Letter was individually addressed to Ms. Jordan, listed the subject Account number ending in 3209, the Amount Due of $2,461.38, a payment deadline of 04/12/2018, and options for repayment. *See* **Exhibit A.**

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **4** of **10**

## *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

25. Ms. Jordan re-alleges paragraphs 1-24 and incorporates the same herein by reference.

26. Ms. Jordan is a "consumer" within the meaning of the FDCPA.

27. The subject debt is a "consumer debt" within the meaning of the FDCPA.

28. Debt Collector is a "debt collector" within the meaning of the FDCPA.

29. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c (a)(2) by contacting Ms. Jordan after the Debt Collector knew that Ms. Jordan was represented by an attorney with respect to the Debt and had knowledge of, or could readily ascertain, Ms. Jordan's attorney's name and address.

   b. Debt Collector violated 15 U.S.C. § 1692d by continuing to contact Ms. Jordan in attempts to collect the Debt by calling Ms. Jordan after Ms. Jordan demanded that Debt Collector cease its communications, the natural consequence of which is to harass, oppress, or abuse Ms. Jordan.

30. As a result of the above violations of the FDCPA, Ms. Jordan has been subjected to illegal collection activities for which she has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **5** of **10**

31. Debt Collector's actions have damaged Ms. Jordan by violating her right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Ms. Jordan is represented by counsel with respect to the Debt.

32. Debt Collector's actions have damaged Ms. Jordan by invading her privacy.

33. Debt Collector's actions have damaged Ms. Jordan by causing her embarrassment.

34. Debt Collector's actions have damaged Ms. Jordan by causing her stress.

35. Debt Collector's actions have damaged Ms. Jordan by causing her aggravation.

36. It has been necessary for Ms. Jordan to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

37. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

38. Ms. Jordan re-alleges paragraphs 1-24 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **6** of **10**

39. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated Fla. Stat. § 559.72(18) by contacting Ms. Jordan after the Debt Collector knew Ms. Jordan was represented by an attorney with respect to the Debt and had knowledge of, or can readily ascertain, such attorney's name and address.

   b. Debt Collector violated Fla. Stat. § 559.72(7) by willfully communicating with Ms. Jordan after Ms. Jordan told Debt Collector that she was represented by an attorney with respect to the Debt and demanded Debt Collector stop contacting her, which can reasonably be expected to abuse or harass Ms. Jordan.

40. As a result of the above violations of the FCCPA, Ms. Jordan has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

41. Debt Collector's actions have damaged Ms. Jordan by violating her right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Ms. Jordan is represented by counsel with respect to the Debt.

42. Debt Collector's actions have damaged Ms. Jordan by invading her privacy.

43. Debt Collector's actions have damaged Ms. Jordan by causing her embarrassment.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **7** of **10**

44. Debt Collector's actions have damaged Ms. Jordan by causing her stress.

45. Debt Collector's actions have damaged Ms. Jordan by causing her aggravation.

46. It has been necessary for Ms. Jordan to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

47. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

  a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

  b. Awarding actual damages;

  c. Awarding costs and attorneys' fees;

  d. Ordering an injunction preventing further wrongful contact by the Defendant; and

  e. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

48. Plaintiff re-alleges paragraphs 1-24 and incorporates the same herein by reference.

49. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

50. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

  a. Debt Collector violated Fla. Stat. § 559.72(18) by contacting Ms. Jordan after the Debt Collector knew Ms.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **8** of **10**

      Jordan was represented by an attorney with respect to the Debt and had knowledge of, or can readily ascertain, such attorney's name and address.

  b. Debt Collector violated Fla. Stat. § 559.72(7) by willfully communicating with Ms. Jordan after Ms. Jordan told Debt Collector that she was represented by an attorney with respect to the Debt and demanded Debt Collector stop contacting her, which can reasonably be expected to abuse or harass Ms. Jordan.

51. As a result of the above violations of the FCCPA, Ms. Jordan has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

52. Debt Collector's actions have damaged Ms. Jordan by violating her right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Ms. Jordan is represented by counsel with respect to the Debt.

53. Debt Collector's actions have damaged Ms. Jordan by invading her privacy.

54. Debt Collector's actions have damaged Ms. Jordan by causing her embarrassment.

55. Debt Collector's actions have damaged Ms. Jordan by causing her stress.

56. Debt Collector's actions have damaged Ms. Jordan by causing her aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **9** of **10**

57. It has been necessary for Ms. Jordan to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

58. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **JENNIFER JORDAN**, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 24, 2018**,

>   */s/ Michael A. Ziegler*
>   Michael A. Ziegler, Esq.
>   Florida Bar No. 74864
>   mike@zieglerlawoffice.com
>
>   */s/ Kaelyn Steinkraus*
>   Kaelyn Steinkraus, Esq.
>   Florida Bar No. 125132
>   kaelyn@zieglerlawoffice.com
>
>   Law Office of Michael A. Ziegler, P.L.
>   13575 58th Street North, Suite 129
>   Clearwater, FL 33760
>   (p)  (727) 538-4188
>   (f)  (727) 362-4778
>   Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Jordan v. AssetCare, LLC and CF Medical, LLC*
Page **10** of **10**